IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOISES MORALES, et al., | ) |
|         Plaintiffs, | ) |
| vs. | ) Case No.: 13-cv-07572 |
| | ) Hon. Amy J. St. Eve |
| CRAIG FINDLEY, et al., | ) |
|         Defendants. | ) |

**JOINT MOTION FOR FINAL APPROVAL OF
THE CLASS ACTION SETTLEMENT AGREEMENT**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties jointly and respectfully move the court to issue an order granting final approval to the Settlement Agreement to the above-captioned class action suit, attached as Exhibit A hereto. In support of this motion, the parties state as follows:

1. On October 22, 2013, named plaintiffs filed this lawsuit pursuant to 42 U.S.C. § 1983 on behalf of themselves and on behalf of a putative class comprised of the men and women who, while on parole/Mandatory Supervised Release ("MSR"), are supervised by the Illinois Department of Corrections ("IDOC") and who now or in the future will be subject to parole revocation proceedings conducted by the IDOC and the Illinois Prisoner Review Board ("PRB"). The plaintiffs' complaint alleged that the defendants, who include the Chairman of the Prisoner Review Board and the Director of the Illinois Department of Corrections, violated Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The plaintiffs alleged that the defendants failed to hold parole revocation hearings that comport with the requirements of procedural due process, including by denying

parolees the right to examine the evidence against them and the right to confront witnesses during preliminary and final parole revocation proceedings. The plaintiffs also alleged that the defendants failed to provide parolees with appointed counsel during preliminary and final parole revocation proceedings. The plaintiffs sought injunctive relief on behalf of the putative class.

2. Shortly after the filing of the suit, the parties began extensive settlement negotiations and the court stayed discovery. In February 2015, the parties reached an impasse in their negotiations and requested that this court lift the discovery stay. At that point, the parties engaged in significant discovery, including 12 depositions of the defendants' representatives, the production of thousands of pages of documents, interviews with putative class members and observations of dozens of parole hearings. Plaintiffs' expert also produced a comprehensive report based on his analysis of the discovery and his own observations of parole proceedings. Before the defendants disclosed their own expert, in February 2016, the parties reengaged in settlement talks. Those negotiations culminated in the preliminary Settlement Agreement, filed on October 24, 2016. *See* Doc. No. 122-1.

3. On October 27, 2016, this court entered an order granting the parties' joint motion for preliminary approval of the proposed settlement and the parties' joint motion for certification of the class. *See* Doc. No. 124. The court approved the putative class, as defined above.

4. Thereafter, the parties collected comments and objections from class members to the proposed settlement agreement. On January 6, 2017, counsel for the plaintiff class filed a summary of those objections and other responses to the proposed agreement, in compliance with this court's November 4, 2016 order. *See* Doc. No. 132. Those comments, taken as a whole, pose no barrier to the settlement of this lawsuit. The only substantive objection to the suit has been addressed by the parties and the resulting changes are incorporated in the final version of the

Settlement Agreement. *See* Ex. A. The vast majority of class members embraced the resolution proposed here, which seeks to protect their rights in the parole revocation process going forward.

5. For the reasons set forth here and in more detail in the accompanying memorandum of law, the Settlement Agreement complies with the requirements of Rule 23(e), under which the Court may grant approval of a settlement only after finding it is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). In determining whether to approve a settlement, the Court considers the following factors: "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citing *Isby v. Bayh*, 75 F.3d 1191, 1199 (1996)) (internal quotation marks omitted). Courts have also considered the presence of collusion in reaching the settlement and whether the agreement promotes the public interest as relevant factors. *See ACLU v. U.S. General Services Admin.*, 235 F. Supp. 2d 816, 818 (N.D. Ill. 2002).

6. Applying the factors to this case, the proposed Agreement directly remedies the alleged constitutional violations set forth in plaintiffs' First Amended Complaint. The Settlement Agreement prevents the protracted and expensive litigation of the case, while preserving state resources for use in the implementation of the Agreement, including the hiring of an independent monitor to oversee its implementation; there is little opposition to the Agreement from class members; counsel for the parties, and in particular class counsel, believe the Agreement to be a fair and adequate resolution of the class claims; in seeking settlement, the parties zealously

3

pursued negotiations, which were at arms-length, non-collusive, and informed by evidence collected during discovery; and the proposed settlement clearly promotes the public interest.

7. For all these reasons, the Settlement Agreement, which resolves all litigation pertaining to the above-captioned case, should be granted final approval.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that this court enter an order granting final approval of the Settlement Agreement and finding that the Agreement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e).

Respectfully submitted,

| For the Plaintiffs: | For the Defendants: |
|---|---|
| /s/ Alexa Van Brunt | /s/ Michael T. Dierkes |
| Roderick and Solange MacArthur Justice Center | Michael T. Dierkes |
| Northwestern University School of Law | Assistant Attorney General |
| 375 East Chicago Avenue | General Law Bureau |
| Chicago, Illinois 60611 | 100 W. Randolph, 13th Floor |
| (312) 503-1336 | Chicago, Illinois 60601 |
| | (312) 814-3672 |

Dated: January 13, 2017

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she served the foregoing document via the court's CM/ECF system on January 13, 2017.

/s/   Alexa Van Brunt

**<u>SERVICE LIST</u>**

*Morales v. Monreal, et al.*, 13cv7572

Alan Mills
Uptown People's Law Center
4413 North Sheridan Road
Chicago, IL 60640
(773) 769-1410
***On behalf of the putative Plaintiff Class***

Michael Dierkes
Sunil Bhave
Illinois Attorney General's Office
100 West Randolph Street
Chicago, IL 60601
(312) 814-3672; (312) 814-4450
***On behalf of Defendants***